THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* OSCAR HIMMANEN, Appellant.

(County Court, Chemung County, July, 1919.)

Schools — compulsory education of children — statutes — evidence — criminal law — Education Law, § 624.

> The only defense to a prosecution under section 624 of the Education Law relating to compulsory education of children between the ages of eight and sixteen years, is that they are not in proper physical and mental condition to attend school.
>
> Where the father of children aged twelve, eleven, ten and seven years respectively, residing three and one-half miles from the schoolhouse by one road and a little less than two miles by a shorter but muddy road, which has water standing on it in places during rainy weather, fails in his duty to cause his children to attend school, and it appears that two of the children were physically and mentally able to attend school, it is no defense to a prosecution of the father for a violation of section 624 of the Education Law that the distance from his home to the schoolhouse is so great and the roads a part of the time are so bad that it would be unreasonable to require him to send the children to school.
>
> Such excuses should have been presented by proper petition to the state department of education or by an appeal from the decision of the school district in February, 1919, discontinuing the transportation of children.
>
> That one child was under school age and another had a crippled leg did not relieve the defendant from the charge of violating the statute with respect to the children who were of school age and with reference to whom no physical or mental defect was shown.

APPEAL from a judgment of conviction of the defendant of a violation of section 624 of the Education Law of the state of New York after a trial before Jesse Hobson, justice of the peace of the town of Van Etten, Chemung county, and a jury. The defendant was fined five dollars, which fine was paid.

County Court, Chemung County, July, 1919.    [Vol. 108.

Frederick W. Hawkes, for appellant.

Ely W. Personius, district attorney (Leo Waxman, of counsel), for respondent.

Swartwood, J.   The defendant is the father of four children of the ages of twelve, eleven, ten and seven years respectively, and resides with his wife and children in the town of Van Etten, Chemung county. Prior to February, 1919, transportation was furnished by the school district for the defendant's children to and from school, but in that month the transportation was discontinued by the district.   Thereafter, the defendant failed to cause his children to attend school. The defendant's residence is three and one-half miles distant from the school-house by one road and one mile and 290 rods distant by a shorter road.   The testimony given on the trial shows that the shorter road is muddy and has water standing on it in places during the rainy weather.   The testimony also shows that one of the children (not the seven-year-old one, who is under school age) is lame as a result of an injury to his leg.   Nevertheless, it is uncontradicted that two children were physically and mentally able to attend school.

Section 624 of the Education Law, being part of article 23, which is headed "compulsory education," provides that "Every person in parental relation to a child within the compulsory school ages and in proper physical and mental condition to attend school, shall cause such child to attend upon instruction," etc.   In school districts such as the one in which the defendant resided the school ages are between eight and sixteen years.

It will be noted that children between the ages of eight and sixteen years are within the "compulsory

school ages.'' This section also lays the duty upon the parent to cause such children to attend upon instruction if the children are in proper physical and mental condition to attend school. It is, therefore, apparent that this particular article is just what its title indicates — a compulsory education law — and when a parent fails in his duty to cause his children to attend school, his only defense under section 624 is to show that they are not in proper physical and mental condition.

The sole defenses set up by the defendant herein are that the distance from his house to the school is so great and the roads a part of the time are so bad that it is unreasonable to require him to send his children to school. Having decided that the only defense under section 624 of the Education Law is that the children are not in proper physical and mental condition to attend school, these defenses offered by the defendant become immaterial. Even assuming that they were legal excuses, then a question of fact was raised for the jury, and the jury has found against the defendant on all the questions. The excuses offered by the defendant should have been presented by proper petition to the state department of education, or they should have been presented in the form of an appeal from the decision of the school district discontinuing the transportation of children in February, 1919, but, as said before, they are not defenses to the complaint herein.

The Education Law is not unreasonable. Section 623 provides that parents may cause their children to attend upon instruction other than in public schools. It also provides that: '' Occasional absences from such attendance, not amounting to irregular attendance in the fair meaning of the term, shall be allowed upon such excuses only as would be allowed in like cases

by the general rules and practice of such public school.'' But when a parent refuses to perform his duty of causing his children to attend upon such instruction of any sort, then he violates the law in both letter and spirit and incurs the penalty provided in section 625 thereof.

The general purpose and intent of the Education Law is very aptly stated in the case of *People* v. *Ekerold,* 211 N. Y. 386, 391, where the Court of Appeals said, in considering the vaccination statute, so called: '' It is obvious that a parent should not be allowed to escape his duty to send his children to school as provided by law on any excuse which is not an ample justification for such course. Our public school system has been developed with great pains and solicitude and its maintenance and support have been recognized as so important for the welfare of the state that they have been provided for and safeguarded in the Constitution itself. As a part of this system a statute has been passed requiring attendance at school of children within certain limits. If indifferent or selfish parents for ulterior purposes, such as the desire to place young children at labor instead of school, or from capricious or recalcitrant motives, may be allowed to manufacture easy excuses for not sending their children to school, a ready method will have been developed for evading the statute compelling such attendance, and if the statute which requires parents to see to it that their children attend and take advantage of this school system may be lightly and easily evaded, the purposes of the state in providing and insisting on education will be frustrated and impaired. Failure to comply with the statute ought not to be excused except for some good reason.''

The defendant claims, however, that errors were

made by the justice in the admission of evidence that prejudiced the jury to such an extent that he did not have a fair trial, and that the judgment of conviction should be reversed for the following reasons:

1. That it was error to permit the school trustee to testify as to what was done at a school meeting, over the defendant's objection that the minutes of the meeting were the best evidence.

2. That it was error to permit the trustee, over defendant's objection, to testify that other children in the same district lived as far away as the defendant's children and attended school.

3. That it was error to permit the school trustee to testify, over the defendant's objection, that one rig would not be able to carry the children to this school from different directions.

From the record it appears that all of this testimony was offered by the People in rebuttal to meet and explain the testimony offered on the part of the defendant on what has already been decided herein as a collateral issue. It has been decided that the evidence offered by the defendant was immaterial for the reason that it could not constitute a defense to the charge against him. If this view of the matter is correct, then the evidence offered in rebuttal of testimony immaterial to the only issue in the case could not prejudice the defendant, and consequently could not constitute a reversible error. In other words, if any errors were committed, they were harmless and should be disregarded under section 764 of the Code of Criminal Procedure. If, on the other hand, the evidence offered by the defendant were material, the evidence offered by the People in rebuttal to meet it was proper and the defendant was not prejudiced and its admission was not error.

The defendant also claims that it was error to charge him in one information and one warrant with failure to send four children to school; that the failure to send each child to school constituted a separate crime, and that there should have been as many different informations laid and warrants issued. I do not believe that this point is well taken. Certainly, the defendant was not harmed by it, because only one crime was proved against him and only one fine imposed; that is, he was charged with one violation of the statute and convicted of only one. The fact that it came out on the trial that one child was under school age and one child was crippled to some extent did not relieve the defendant of the charge of violating the statute with respect to the other two children, who were of school age, and with reference to whom no physical or mental defect was shown. The defendant was, therefore, clearly guilty of a violation of the section.

The judgment of conviction should be affirmed.

Judgment affirmed.